June 14, 1979

## 79-42 MEMORANDUM OPINION FOR THE ASSOCIATE DEPUTY ATTORNEY GENERAL

### District of Columbia—Applicability of the Double Jeopardy Clause of the Fifth Amendment to the Constitution

You have asked whether, were Congress to establish within the government of the District of Columbia an office equivalent to that of a city or State prosecutor, the Double Jeopardy Clause of the Fifth Amendment would bar successive prosecutions by the United States and the District (under the United States and District Codes) of a single person for the same acts. It is our conclusion that, because there is an identity of sovereignty between the United States and the District of Columbia for Double Jeopardy Clause purposes, the bar of the Fifth Amendment would prevent such successive prosecutions.[1]

The Supreme Court has recently stated:

> [It is a] well established principle that a federal prosecution does not bar a subsequent state prosecution of the same person for the same acts, and a state prosecution does not bar a federal one. The basis for this doctrine is that prosecutions under the laws of separate sovereigns do not, in the language of the Fifth Amendment," subject [the defendant] for the same offence to be twice put in jeopardy." [*United States* v. *Wheeler*, 435 U.S. 313, 316–317 (1978) (footnote omitted).]

It is equally well established that "[t]he 'dual Sovereignty' concept does not apply, however, in every instance where successive cases are brought by nominally different prosecuting entities." *Id.* at 318. Thus, in cases of successive prosecution in which the Supreme Court has found an identity of sovereignty, as between a Federal territory and the United States,

---

[1] We take it as given that, if applicable, the bar of the Double Jeopardy Clause prevents such dual prosecutions. The nature and scope of the bar, when applicable, is not the subject of this memorandum.

*Puerto Rico* v. *Shell Co.,* 302 U.S. 253 (1937); *Grafton* v. *United States,* 206 U.S. 333 (1907), or a city and a State, *Waller* v. *Florida,* 397 U.S. 387 (1970),[2] it has applied the bar of the Double Jeopardy Clause.

The Court has spoken unequivocally in identifying the single factor, which, for Fifth Amendment Double Jeopardy Clause purposes, determines whether there is unity or duality of sovereignty between nominally distinct prosecuting governments. It is neither the degree of control which the one has over the other, *United States* v. *Wheeler, supra,* at 319–320, 327–328, nor is it the authority of the one to legislate and to enforce its legislation independently of the other. *Waller* v. *Florida, supra.* Rather, ' the question to be asked is whether the ultimate source of the power of each to prescribe laws and punish infractions of those laws is the same or different. *Id.; United States* v. *Wheeler; Grafton* v. *United States.* If it is the same, there is identity of sovereignty for Double Jeopardy Clause purposes.

When the question is whether there is identity of sovereignty between the United States and another prosecuting government, the answer is, ultimately, constitutionally based. If the government in question is not nominally the United States but derives its power to legislate and to prosecute from a delegation by the United States of a constitutional power, there is unity of sovereignty between the two. *Cf., United States* v. *Wheeler,* at 322 ("[T]he controlling question * * * is the source of this power * * * [i]s it a part of inherent * * * sovereignty, or an aspect of the sovereignty of the Federal Government which has been delegated * * * by Congress?"). Such is clearly the case with respect to a territory of the United States. *Grafton* v. *United States.* This is also the case as between the District of Columbia and the United States.

Article I, Section 8, Clause 17, of the Constitution vests in Congress the power "[t]o exercise exclusive Legislation in all Cases whatsoever, over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States * * *." This power of Congress may permissibly be delegated, *District of Columbia* v. *John R. Thompson Co.,* 346 U.S. 100 (1953), and much of it has been. *See* District of Columbia Self-Government and Governmental Reorganization Act, Public Law No. 93–198, 87 Stat. 774.[3] However, its source, whatever governmental entity

---

[2] The Double Jeopardy Clause of the Fifth Amendment has been held applicable to the States. *Benton* v. *Maryland,* 395 U.S. 784 (1969).

[3] Although Congress has provided for home rule for the District of Columbia, it delegated the power of government "[s]ubject to the retention by Congress of the ultimate legislative authority over the Nation's Capital granted by article I, section 8, of the Constitution." District of Columbia Self-Government and Governmental Reorganization Act § 102(a). Moreover, it reserved, the Act notwithstanding, "the right, at any time, to exercise its constitutional authority as legislature for the District * * *." *Id.,* § 601. Thus, it is clear that, even if it could, without a constitutional amendment or a grant of statehood or independence, the United States has not chosen to divest itself of its sovereignty over the District of Columbia. It has only delegated power which is its own, to be exercised by the District government that it created.

exercises it, remains the same—the Constitution of the United States. With respect to identity of the ultimate source of the power to proscribe conduct and to prosecute violations, the relationship between the District of Columbia and the United States cannot be distinguished, for double jeopardy purposes, from either the relationship between a Federal territory and the United States or a city and a State. In each case the Double Jeopardy Clause is applicable because the nominally distinct governmental entities have as their source of power the same organic law. As between the United States and the District of Columbia that source is Article I, section 8, clause 17 of the Constitution.

The Supreme Court has not had occasion to rule on a double jeopardy question arising out of a dual prosecution under United States and District law. The District of Columbia Circuit Court of Appeals, however, has considered the relationship for double jeopardy purposes between the District and the United States and has opined that "[s]ince successive prosecutions on identical or lesser included D.C. and federal offenses emanate from the same sovereignty, they are precluded by double jeopardy considerations." *United States* v. *Jones,* 527 F. (2d) 817, 821 (D.C. Cir. 1975). *See also, United States* v. *Knight,* 509 U.S. F. (2d) 354, 360 (D.C. Cir. 1974). We believe that this statement of the law was correct when issued, still applies, and will continue to apply when the District adopts a criminal code without congressional enactment, and would apply were Congress to establish a prosecutor's office within the District government.

MARY C. LAWTON
*Deputy Assistant Attorney General*
*Office of Legal Counsel*